CALOGERO, Justice,
assigns additional concurring reasons for writ denial.
The Court of Appeal expresses displeasure with the majority opinion in Beychok v. Wolf Baking Co., Inc., 495 So.2d 1278 (La. *120 1986), while applying it nonetheless and commends as correct the dissenting opinion in that case. I continue to agree with the majority in Beychok and disagree with the dissent. Because the majority did not clearly refute the argument in dissent I submit these views concurring in the writ denial.
The essential fallacy in the Beychok dissent is that it concludes that the La.R.S. § 42:1123(4) (West Supp.1987) exception which allows public bidding by any one of the three La.R.S. § 42:1113 (West Supp. 1987) classes (public servants (A), board members (B), and legislators (C)) applies, and that the majority in Beychok was wrong in determining that “except as otherwise specifically prohibited by R.S. 42:1113” in La.R.S. § 42:1123(4) means that a public bid contract is not permitted for public servants, board members and legislators for contracts with their agencies. The Court found support for its conclusion in the dissenting opinion in Beychok which commented that applying the La.R.S. § 42:1113 prohibition to the La.R.S. § 42:1123(4) exception for public bids would “render all of 1123 moot.” Beychok at 1284 (Cole, J., dissenting). In this latter respect that dissent was wrong.
La.R.S. § 42:1123(4) permits a party to share in compensation received through a public bid from a “governmental entity”, (defined in La.R.S. § 42:1102(12) (West Supp.1987) as “the state or any political subdivision which employs the public employee” or “to which the elected official is elected”), “except as otherwise specifically prohibited by R.S. 42:1113.” La.R.S. § 42:1113 prohibits a public servant from entering into a transaction that “is under the supervision or jurisdiction of the agency of such public servant.” Agency is defined in La.R.S. § 42:1102(2) as a “department, office, division, agency, commission, board, committee, or other organizational unit of a governmental entity.” For public servants of political subdivisions, “agency” specifically means the agency in which the public servant serves. La.R.S. § 42:1102(2)(f).
La.R.S. § 42:1123(4), when read alongside La.R.S. § 42:1112 (West Supp.1987), prohibits a public servant from sharing in any compensation received from the governmental entity except where the compensation is received “as a result of having made the lowest sealed competitive bid on a contract....” The exception for sealed competitive bids does not apply if the sealed bid is one “under the supervision or jurisdiction of the agency of the public servant.” The language of Beychok applies as well to public servants and legislators as it does to board members: “Board members [and I say public servants and legislators] cannot share in contracts with their board [their agencies], even if the contract was obtained because it was the 'lowest sealed competitive bid.’ ” Beychok at 1282 (Emphasis added). Public servants can, however, share in contracts with other public agencies, even though those agencies are within the governmental entity which employs the public servant, when the contracts are obtained as a result of sealed competitive bids. The crucial distinction is the difference between a “governmental entity” and the “agency.”
For these reasons, I concur in the denial of this writ.